76 F.3d 1244
 316 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Gregory N. MARSHALL, Appellant.
 No. 94-3151.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 11, 1996.
 
 Before: WALD, SILBERMAN, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court had determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant Marshall argues that the drugs on which his conviction for possession with intent to distribute is based should have been suppressed because they are the fruit of an illegal search and seizure.
 
 
 5
 The district court properly determined that because appellant was acting nervously in a high crime area and had potentially violated two D.C. Code sections, the "totality of the circumstances" gave rise to a reasonable articulable suspicion for a brief investigatory patdown. Terry v. Ohio, 392 U.S. 1 (1968). See United States v. Clark, 24 F.3d 299, 301 (D.C.Cir.1994) ("whether the police action is reasonable is gauged by the 'totality of the circumstances' "). Officer Edwards conducted a limited patdown of appellant's outer clothing which revealed objects the officer believed to be crack cocaine. After twice being asked what the items were, appellant admitted that he possessed crack cocaine. Appellant's admission during the officers' legitimate investigatory stop created probable cause to arrest appellant and seize the drugs. Cf. United States v. Gale, 952 F.2d 1412, 1415-16 n. 4 (D.C.Cir.1992) (no Miranda violation in asking appellant whether he had any illegal drugs without giving Miranda warnings during a Terry stop, and thus no taint to finding probable cause based on such admission).